FRANCES W. HOTCHKISS ET UX. v. DAVID S. WALTER ET AL.

Decided February 24, 1926.

**Negligence—Motor Truck Injury to Pedestrian—Sufficient Evidence to Support the Verdict—Court's Refusal to Charge Request of Defendant, Sustained—Verdict Not Excessive.**

On defendants' rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Kalisch & Kalisch*.

*Contra, Blair Reiley.*

PER CURIAM.

This was an action for personal injuries received by Mrs. Hotchkiss while crossing Hawthorne Place, at the corner of Woodland avenue, in the city of Summit, about half-past five in the afternoon of January 16th, 1924. Her claim was

that as she was crossing Hawthorne Place, was run down and injured by an automobile truck belonging to the defendants and carelessly operated by a driver named Moore. The trial resulted in a verdict in favor of Mrs. Hotchkiss and her husband, the wife being awarded $7,500 and the husband $2,500.

The first ground upon which we are asked to make this rule absolute is that there was no sufficient proof justifying the conclusion that the defendants' driver was guilty of negligence producing the accident. Our examination of the testimony sent up with the rule leads us to the conclusion that this ground is not supported by the fact; that there was ample proof to support the finding of the jury that the accident resulted from the negligent driving of the truck by Moore.

It is next contended that the court erred in refusing to charge the following request submitted on behalf of the defendants: "In an action for negligence, the right of the defendant to have the plaintiff bear the burden of proving the charge laid in the complaint is a substantial one, which burden may be borne either by proof of some negligent act or by proof of circumstances from which the defendant's want of care is a legitimate inference. Where neither sort of proof is forthcoming, the jury should return a verdict for the defendant." Taking the whole of this request into consideration, we deem the legal proposition contained in it to be unsound, and, if it be so in any respect, the court was justified in refusing to charge it. Although it is true that the burden of proving the charge made in the complaint rests upon the plaintiffs, it does not follow as a necessary result that a failure on his or her part to produce such proof will justify a jury in returning a verdict for the defendants; for, although the plaintiffs' proofs may not show any negligence on the part of the defendants or their agent, yet, if on the defendants' own case facts are introduced which demonstrate the existence of such carelessness, the plaintiffs are entitled to recover, notwithstanding the failure of proof in their opening case.

It is further submitted on the part of the defendants that there was error in the refusal by the trial court to charge certain other requests submitted on their behalf. Our examination of the charge satisfies us that, so far as the legal propositions contained in these requests were sound, they were charged in effect; and this is all that the trial court was required to do.

Lastly, it is argued that the verdict in favor of Mrs. Hotchkiss is excessive. Our examination of the testimony with relation to the character of her injuries and the effect produced by them upon her satisfies us that it justifies the award made to her by the jury.

The rule to show cause will be discharged.